[No. F040278. Fifth Dist. Sept. 5, 2003.]

CALIFORNIA PSYCHIATRIC TRANSITIONS, INC., Plaintiff and Appellant, v.
DELHI COUNTY WATER DISTRICT, Defendant and Respondent.

COUNSEL

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom and Michael D. Ott for Plaintiff and Appellant.

David Capron for Defendant and Respondent.

OPINION

**VARTABEDIAN, Acting P. J.**—This is an appeal from summary judgment granted in favor of respondent Delhi County Water District. The trial court concluded the complaint of appellant California Psychiatric Transitions, Inc., was barred by the applicable statute of limitations. We affirm the judgment.

### FACTS AND PROCEDURAL HISTORY

The Delhi County Water District (respondent) is a public entity providing water and sewer services in an area of Merced County. Respondent's water and sewer service regulations are contained in its ordinance No. 19, adopted in 1975 and last amended in 1997 (the ordinance).

The ordinance, among its other provisions, establishes connection charges for users. It establishes scheduled charges for residential, "granny houses," and "resthomes." It provides for other uses as follows: "In the absence of a rate or the size of connection, application may be made to the Board of

Directors for establishment of a charge." For resthomes, the connection charge is "1/3 of current connection fee per bed," interpreted to mean that the base residential rate ($2,000 for water, $2,250 for sewer) was multiplied by one-third of the number of beds authorized for the facility.

Appellant sought to build a 32-bed adult residential care facility in the area served by respondent. Respondent determined the project was a resthome within the terms of the ordinance. Accordingly, it notified appellant the connection charges, calculated pursuant to the ordinance formula, would total $45,333.33. In order to obtain water and sewer service, appellant paid the charges under protest, simultaneously filing a document entitled "Notice of Protest [California Government Code § 66020]." (Original brackets.)

The notice of protest stated that appellant "disputes the amount of the connection fees required on the grounds that its project seeks only a single water and a single sewer connection. It should not be required to pay multiple connection fees. California Government Code § 66013 provides that water and sewer connection fees 'shall not exceed the estimated reasonable cost of providing the service for which the fee ... is imposed.' The fees required for [appellant's] project exceed this legal standard and are therefore illegal."

The next day, appellant filed its "Complaint for Refund of Water and Sewer Connection Fees." The complaint alleged, in pertinent part, "that these water and sewer connection fees are in excess of the estimated reasonable cost of providing said connection services." (Appellant contended it had, through subcontractors, installed all pipes and other connection items, and that respondent's sole cost for such connections was $37 to pay for an inspection of the work.) After filing its answer, respondent filed a motion for summary judgment on the basis the action was barred by the applicable statute of limitations. The court granted the motion and judgment was entered on January 22, 2002. Appellant filed a timely notice of appeal.

## DISCUSSION

### A. *Statutory Background*

Government Code section 66013 (all further section references are to this code) permits local agencies to impose fees for "water connections or sewer connections, or ... capacity charges, ... not [to] exceed the estimated reasonable cost of providing the service for which the fee or charge is imposed, unless a question regarding the amount of the fee or charge" is approved by the voters. Section 66013, subdivision (b), makes the distinction between "fees" and "capacity charges" in the following terms: Fees are the charges for actually connecting to the sewer or water system and cannot

exceed "the estimated reasonable cost of labor and materials for installation" of the connection and peripheral equipment. (§ 66013, subd. (b)(5).) Capacity charges are to fund existing or proposed capital improvements "that are of benefit to the person or property being charged." (§ 66013, subd. (b)(3).) Funds collected as capacity charges are to be maintained in a separate capital facilities fund. (§ 66013, subd. (c).)

Section 66013, subdivision (g), provides: "Any judicial action or proceeding to attack, review, set aside, void, or annul the ordinance ... imposing a fee or capacity charge subject to this section shall be brought pursuant to Section 66022." Section 66022 provides that any such judicial action "shall be commenced within 120 days of the effective date of the ordinance."

The parties agree the ordinance in the present case became effective in 1997, and that the present action was not commenced within 120 days of the effective date of the ordinance.

### B.  *Appellant's Contentions on Appeal*

Appellant contends it is not seeking "to attack, review, set aside, void, or annul the ordinance." Instead, appellant says, "it is protesting the imposition of specific fees on a particular development project." Accordingly, appellant contends the statute of limitations in section 66020 is applicable in this case.

Section 66020 provides that an action "to attack, review, set aside, void, or annul the imposition" of fees "imposed on a development project" may be brought within 180 days after the filing of a timely notice of protest and payment of the fee. (§ 66020, subd. (d)(2).) (Appellant contends the charges are "fees ... imposed on a development project" as defined in section 66020 because the charges are in fact "fees" and appellant's new building is in fact "a development project.") Because the present action was filed the day after appellant paid the fees and filed its notice of protest, the suit was timely, according to appellant.

### C.  *The Nature of the Underlying Cause of Action*

On the merits, appellant seems, essentially, to contend that the "connection charges" established by the ordinance are "fees for water connections or sewer connections" as defined in section 66013, and not the "capacity charges" respondent now claims them to be. This argument appears to be based on the fact that the ordinance in some places speaks of "connection fees" and never uses the words "capacity charges." Thus, even though the amount of the connection charges is shown in the record to be established by a calculation of the cost of growth (and the necessity for increased water and

sewer system capacity) within the district, appellant contends: "Here, the $45,333.33 fees which have been charged for $37.00 worth of work is grossly excessive."

D. *The Nature of "Fees Imposed on a Development Project"*

As the Supreme Court pointed out in *Utility Cost Management v. Indian Wells Valley Water Dist.* (2001) 26 Cal.4th 1185, 1191 [114 Cal.Rptr.2d 459, 36 P.3d 2], the mere fact that fees are imposed in a particular instance in connection with development does not make them "fees imposed on a development project" for purposes of section 66020. The court stated that "development fees [are] fees imposed on development projects in order to finance public improvements or programs that bear a 'reasonable relationship' to the development at issue." (*Utility Cost Management,* at p. 1191.) The fees and charges authorized by section 66013 may or may not involve development (the court gives the example of a capacity charge imposed on existing users to pay off construction bonds (*Utility Cost Management,* at p. 1191), but the fees and charges are always tied directly to a benefit conferred on the property assessed (*Id.,* at p. 1189). Accordingly, such charges are user fees (in the case of connection fees) or special assessments (in the case of capacity charges).

■ By contrast, "fees … imposed on a development project," as used in section 66020, refers to "fees" as defined in section 66000, subdivision (b). That definition states that a fee is "a monetary exaction *other than a tax or special assessment* … that is charged by a local agency to the applicant … for the purpose of defraying all or a portion of the cost of public facilities related to the development project …." (§ 66000, subd. (b), italics added.) Thus, definitionally, a fee subject to the payment/protest procedure of section 66020 includes neither a capacity charge (because it is a special assessment) nor a connection fee (because it does not pay for public facilities, only for the private party's connection to the system).

■ We conclude, in light of *Utility Cost Management v. Indian Wells Valley Water Dist., supra,* 26 Cal.4th 1185, that the fees imposed in any manner pursuant to section 66013 are not "fees … imposed on a development project" for purposes of section 66020. Consequently, we reject appellant's contention that the fees imposed in the present case were subject to review under the payment and protest provisions of section 66020.

E. *The Legislative/Adjudicatory Distinction in N.T. Hill*

In the case of *N.T. Hill Inc. v. City of Fresno* (1999) 72 Cal.App.4th 977, 986–987 [85 Cal.Rptr.2d 562] (hereafter *N.T. Hill*), we were faced with the

converse of the problem now before us. There, the developer had complied with the timeliness requirements of section 66022, but had not complied with the payment/protest requirements of section 66020. We held, correctly, that the developer's challenge to the water capacity charge was an attack on the city's legislative action—adoption of the ordinance—and was properly brought under section 66022. In dicta, we suggested that an "adjudicatory" imposition of capacity charges on a specific development project would be subject to review under the payment/protest procedure of section 66020; in such an instance no legislative decision would be in issue. (*N.T. Hill*, at p. 987.)

In *Utility Cost Management v. Indian Wells Valley Water Dist., supra*, 26 Cal.4th at page 1194, the Supreme Court applied the adjudicative/legislative distinction, but said that it "need not decide whether the distinction *N.T. Hill* drew is correct." Appellant relies on the distinction in the present case to argue that respondent's imposition of fees on appellant was an adjudicatory act subject to review under section 66020.

After review of *N.T. Hill* in the light of other language in *Utility Cost Management,* we conclude the distinction we recognized in dicta in *N.T. Hill* requires some refinement depending upon matters including the scope of the ordinance and the nature of the development in issue. The present ordinance provides a good example.

As noted above, the ordinance specifies connection charges for residential development and for resthomes. For all other development, "application may be made to the Board of Directors for establishment of a charge." (Ord. No. 19, § 1-1804.) It should be obvious that an interested party would have no basis to challenge the ordinance within 120 days of its enactment on the basis the connection fee for retail stores was too high. There simply is no factual basis in the ordinance to support such a challenge. When an applicant for retail development is quoted a connection charge, however, the "adjudicatory" determination presents specific facts that may provide a basis for the challenge.

By contrast, there is ample basis for challenge to the ordinance on the basis the residential charge is excessive or unsupported by engineering cost data. There is ample basis for challenge alleging that the resthome formula is irrational. These are the kinds of challenge *N.T. Hill* refers to as challenges to "legislative" acts.

██ In the latter case, section 66022 clearly requires an action seeking review of the ordinance to be filed within 120 days of the adoption of the "new fee or service charge, or modifi[cation] or amend[ment] [of] an existing

fee or service charge"—that is, adoption of an ordinance, resolution, or motion establishing the charge that is to be applied by the local agency. However, in the case of the "adjudicatory" determination of a fee, for example, for retail development under respondent's ordinance, that determination by the Board of Directors is itself a "resolution or motion" establishing the fee, and the 120-day statute of limitations *under section 66022* begins to run with the adoption of that resolution or motion. In either case, however, the action is brought pursuant to section 66022, as required by section 66013, subdivision (g). Under the development fee/special assessment analysis of *Utility Cost Management v. Indian Wells Valley Water Dist., supra,* 26 Cal.4th at pages 1189–1194, neither version of events occurring pursuant to section 66013 results in local agency action reviewable pursuant to section 66020.

### F. Seeking "To Attack, Review, Set Aside, Void or Annul" the Ordinance

Appellant argues: "In the present case, [appellant] did not seek to attack any ordinance or any other act of [respondent] to establish a general fee schedule. Rather, [appellant] sought to attack the specific fee that was assessed against it for the particular project involved."

The Supreme Court summarily rejected the same argument in *Utility Cost Management v. Indian Wells Valley Water Dist., supra,* 26 Cal.4th at pages 1191–1192. There, appellant sought a refund of charges imposed by a local agency's ordinance that allegedly exceeded statutory limits on charges to public entities. (*Id.* at p. 1188.) The court held section 66022 "clearly" applied to the action because it was "an 'action to review local agency fees.' " (26 Cal.4th at p. 1192.)

The fact that the action sought a refund of particular fees instead of a declaration that the ordinance is invalid is simply not relevant. The underlying claim by appellant is that respondent's fee structure does not comply with the statutory mandate that connection fees reflect the estimated cost of labor and materials. Regardless of the remedy sought, this clearly is an attack on the ordinance.

### G. Waiver of the Argument That Project Is Not a "Resthome"

During preliminary discussions between appellant and respondent about the connection charges, there appears to have been a disagreement about the capacity of the project. That disagreement—whether to use the maximum occupancy permitted by the building code in applying the one-third formula of the ordinance or instead to use the actual proposed capacity—appears to have been settled in appellant's favor.

When appellant filed its notice of protest after it paid the fee, the sole ground of protest was that the fees were more than respondent's actual cost in supervising the physical connection of the project to respondent's water and sewer systems.

In the trial court, appellant took the position that "fees are being charged by the District for 'connection' to their water and sewer systems. And, those fees are far in excess of the actual cost of providing that connection. An action to refund the difference between what [appellant] has paid and the District's costs for connecting [appellant's] Development Project to their water and sewer systems is appropriate and timely."

For the first time in appellant's opening brief on this appeal, appellant contends respondent erred in classifying appellant's project as a "resthome" under the ordinance. It argues: "[Appellant] could not have known in advance what fees would be assessed. That information was only known once the actual notice of those specific fees and their method of computation was provided."

If appellant disagreed with respondent's classification of the project, it could and should have asked for respondent's board to set the connection charge in accordance with the project's demands on the water and sewer systems. Appellant is not now permitted to complain about a classification in which it acquiesced throughout the administrative process. (See *Broden v. Marin Humane Society* (1999) 70 Cal.App.4th 1212, 1220 [70 Cal.Rptr.2d 1212, 83 Cal.Rptr.2d 235] [failure to raise claim of bias of administrative hearing officer].)

H.  *Section 66022 Does Not Violate Due Process*

Finally, appellant argues it was denied due process because it was not afforded an opportunity to challenge the fee assessed against it. This argument was impliedly rejected in *Utility Cost Management v. Indian Wells Valley Water Dist., supra,* 26 Cal.4th at page 1196. There, the court held that *adoption* by the local agency of an improper fee ordinance constitutes the wrong and that the objector has the right at that time to challenge the ordinance. Inherent in the Supreme Court's analysis is the idea the 120-day limitations period, beginning when the wrong occurs, is adequate to satisfy due process concerns. (See also *id.* at pp. 1197–1198 [discussing application of "discovery rule" and estoppel as applicable to challenges to water fee ordinances].)

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

Cornell, J., and Gomes, J., concurred.